UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ROBIN THOMAS,** | ) | **CASE NO.  4:09CV572** |
| | ) | |
| Plaintiff, | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **THE UNITED STATES OF** | ) | **MEMORANDUM OPINION** |
| **AMERICA,** *et al.*, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

This matter is before the Court upon the United States of America's ("the Government") Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Dkt. # 6).   Plaintiff Robin Thomas ("Thomas") filed a Brief in Opposition (Dkt. # 9) and the Government filed a Reply Memorandum (Dkt. # 10).

**I. BACKGROUND**

Thomas brings the instant action under the Federal Tort Claims Act.  28 U.S.C. §§ 2671-2680.  Thomas alleges that on April 27, 2007, she was involved in a multi-vehicle motor vehicle accident.  Among the other drivers was an employee of the U.S. Marshal's Service.  Thomas timely filed her administrative claim with the U.S. Marshal's Service within two years of the claim's accrual date.  However, Thomas concedes that she failed to file this action in federal court within six months of the agency's denial of her claim, as required by 28 U.S.C. § 2401(b).

1

**II. STANDARD OF REVIEW**

When considering a motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court "must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief."  Columbia Natural Resources, Inc. v. Tatum, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing Allard v. Weitzman (In re DeLorean Motor Co.), 991 F.2d 1236, 1239-40 (6th Cir. 1993)).  To avoid dismissal of a claim, plaintiff "must allege 'direct or inferential' allegations regarding all of the material elements necessary to sustain recovery under 'some' viable legal theory."  In re : Goodyear Tire & Rubber Co. Erisa Litig., 438 F. Supp. 2d 783, 789, 796 (N.D. Ohio 2006).  Plaintiffs must do more than assert "bare legal conclusions" and a court may not grant a Rule 12(b)(6) motion simply because it does not find the allegations truthful.  Id. at 789.

Plaintiff must plead "a short and plain statement" sufficient to provide the defendant with notice as to the claim and the grounds for the claim.  Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976).  The court should not grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Id. at 858 (citing Conley v. Gibson, 355 U.S. 41, 45-56 (1957)).

**III. LAW AND ARGUMENT**

  A. Statute of Limitations

Section 28 U.S.C. § 2401(b) of the Federal Tort Claims Act provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or *unless action is begun within six months after the date of mailing*, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b) (emphasis added).

The United States is immune from suit unless it consents to being sued. United States v. Sherwood, 312 U.S. 584, 586 (1941). Therefore, in a claim against the United States, when a plaintiff fails to file within a statutory limitations period prescribed by Congress, the federal courts are deprived of subject matter jurisdiction. See United States v. Kubrick, 444 U.S. 111, 117-18 (1979); Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 324 (6th Cir. 1990).

Thomas concedes that she did not file her action within six months of the agency's denial of her claim, as required by 28 U.S.C. § 2401(b). However, Thomas contends that this Court retains jurisdiction because Thomas filed her administrative claim with the U.S. Marshal's Service within two years of its accrual date. The Sixth Circuit has flatly rejected this argument. Ellison v. United States, 531 F.3d 359, 361. A plaintiff must satisfy both time limitations requirements under 28 U.S.C. § 2401(b) or her claim is forever barred. Id.

**B. Equitable Tolling**

Thomas next argues that she is entitled to equitable tolling of the six month court filing requirement contained in 28 U.S.C. § 2401(b). "Strictly defined, equitable tolling is [t]he doctrine that the statute of limitations will not bar a claim if the plaintiff, despite

3

diligent efforts, did not discover the injury until after the limitations period had expired." Barry v. Mukasey, 524 F.3d 721, 724 (6th Cir. 2008) (internal citations omitted). The Sixth Circuit considers the following five factors in determining whether equitable tolling is available: (1) a plaintiff's lack of actual notice of filing requirement; (2) a plaintiff's lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement. Andrews v. Orr, 851 F.2d 146, 151 (6th Cir. 1988). Equitable tolling is granted sparingly in federal court and typically "only applies when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 560-61 (6th Cir. 2000).

Thomas has not asserted in her Complaint nor in her response to the Government's Motion to Dismiss that she either lacked actual or constructive knowledge of the filing requirements, or that she was reasonable in remaining ignorant of the notice requirement. Rather, Thomas, in essence, argues that she was diligent in pursuing her rights by asserting that her previous counsel's "failure to file the claim constitutes extenuating circumstances," and therefore, "the time limit for filing should be extended." (Dkt. # 9 at 2).

Thomas' argument in support of tolling is without merit. The Supreme Court has stated that the principles of equitable tolling do not extend to "garden variety claims of excusable neglect." Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990). The failure of Thomas' counsel to meet the statute of limitations in this case falls under

4

the category of garden-variety neglect. See Taylor v. Principi, 92 F. App'x. 274, 277 (6th Cir. 2004); Layton v. General Motors Corp., No. 97-4455, 1998 WL 939886, at *2 (6th Cir. Dec. 22, 1998). The Court, therefore, finds that Thomas' diligence in pursuing her rights and the degree of prejudice to the defendants do not warrant equitable tolling.

## IV. CONCLUSION

Because Thomas failed to satisfy both time limitations requirements under 28 U.S.C. § 2401(b), and has failed to present sufficient grounds for equitable tolling, this Court does not possess subject matter jurisdiction to hear Thomas' claims. Accordingly, the Government's Motion to Dismiss is **GRANTED**. (Dkt. # 6). The instant action is hereby **DISMISSED**.

**IT IS SO ORDERED.**

/s/ Peter C. Economus – October 30, 2009
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**